PENICK *et al.* v. ABERCROMBIE.

DUCKWORTH, Justice. 1. "Within 30 days after the final order of adoption has been entered, it shall be the duty of said clerk [of the court entering order of adoption] to forward a certified copy of the petition and all orders entered thereon, including the final order of adoption, to the registrar of vital statistics of the Georgia Department of Public Health. The said registrar shall add to the birth certificate the new name of the child, if any, the name and address of the parents by adoption, the court issuing the final order, and the date thereof. Upon the request of the adopting parent or parents, said registrar shall issue a certificate of birth, bearing the new name of the child as shown in the order of adoption, the names of the foster parents of said child, age, sex, date of birth, and place of birth as the residence of the adopting

parent or parents, if born within the State of Georgia, or the residence of the adopted child if born within the State of Georgia, as the adopting parent or parents may direct, but no reference in any such birth certificate shall have reference to the adoption of said child. However, the original registration of birth shall remain a part of the record of the Department of Public Health, but shall not be open to inspection except upon order of the court issuing the final adoption order." Act of 1941 (Ga. L. 1941, p. 300, sec. 14(2)), as amended by the act of 1943 (Ga. L. 1943, p. 420; Ga. Code Ann., § 74-418).

2. Manifestly the duty to issue a certificate of birth at the request of the adopting parent or parents arises only in those cases where the birth of the adopted child has been duly registered in this State. It is provided in the statute, among other things, that such certificate must show the "age, sex, date of birth" of the child. Obviously the age and date of birth could be certified by the registrar only as the same appear upon the records of the Department of Public Health. Further evidence of such intention of the law is found in the provision that "the original registration of birth shall remain a part of the record of the Department of Public Health."

3. Since, as ruled above, the portion of the statute requiring the issuance of the certificate of birth has no application where there has been no registration of birth, it follows that the petition here by the adopting parents, seeking to require the issuance of a certificate of birth in terms of the statute, but disclosing that the child was found in the State of Kentucky, that its parents and its date of birth were unknown, and that its birth was never registered in the State of Georgia, shows no ground for the relief sought, and the court did not err in sustaining the general demurrer and dismissing the action.

*Judgment affirmed. All the Justices concur.*

No. 15090. MARCH 6, 1945.

*Burress & Dillard*, for plaintiffs.

*T. Grady Head*, attorney-general, *Crawford L. Pilcher*, and *Claude Shaw*, assistant attorneys-general, for defendant.